12-1392-cv
Sealey v. Affiliated Computer Servs., Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of May, two thousand thirteen.

PRESENT:  CHESTER J. STRAUB,
                 REENA RAGGI,
                 CHRISTOPHER F. DRONEY,
                     *Circuit Judges*.

-----------------------------------------------------------------------

ANDREA SEALEY,

                 *Plaintiff-Appellant*,

              v.                                No. 12-1392-cv

AFFILIATED COMPUTER SERVICES, INC., COLLEEN MAHONEY,

                 *Defendants-Appellees*,

DONNA BARLOW, MIKE GIBAS, TOM SALADA, TOM WRINN, STEFANIE OREFICE,

                 *Defendants*.

-----------------------------------------------------------------------

FOR APPELLANT:       Andrea Sealey, *pro se*, Niagara Falls, New York.

FOR APPELLEES:       Robert Scott DeLuca, Schrader, Israely, DeLuca & Waters LLP, Getzville, New York; Robert P. Lombardi, Samuel Zurik, III, The Kullman Firm, New Orleans, Louisiana.

Appeal from a judgment of the United States District Court for the Western District of New York (William M. Skretny, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 7, 2012, is AFFIRMED.

Andrea Sealey appeals pro se from the dismissal of her employment discrimination complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), as well as from the denial of her motion for recusal. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We review de novo the dismissal of a complaint pursuant to Rule 12(b)(6). See Bryant v. N.Y. State Educ. Dep't, 692 F.3d 202, 210 (2d Cir. 2012). To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); accord Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." Aschroft v. Iqbal, 556 U.S. at 678; see also id. (noting that claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). While pro se complaints must contain sufficient factual allegations to meet the plausibility standard, see Harris v. Mills, 572 F.3d 66, 71–72 (2d Cir. 2009), the court is obliged to read pro se submissions with special solicitude and to interpret them "to raise the strongest arguments that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474–75 (2d Cir. 2006) (emphasis in original; internal quotation marks omitted).

In addition, we review the denial of a recusal motion for abuse of discretion. See ISC Holding AG v. Nobel Biocare Fin. AG, 688 F.3d 98, 107 (2d Cir. 2012). A district court abuses its discretion when its decision (1) rests on an error of law or a clearly erroneous factual finding, or (2) cannot be found within the range of permissible decisions. See Johnson v. Univ. of Rochester Med. Ctr., 642 F.3d 121, 125 (2d Cir. 2011).

Here, we conclude that the district court acted well within its discretion in denying recusal given Sealey's failure to allege any facts casting doubt on the court's impartiality. See 28 U.S.C. § 455(a). Further, an independent review of the record and relevant case law reveals that the district court properly dismissed Sealey's complaint. We affirm these rulings substantially for the reasons stated by the district court in its thorough and well-reasoned decision and order. See Sealey v. Affiliated Computer Servs., Inc., No. 11-cv-489, 2012 WL 729217 (W.D.N.Y. Mar. 6, 2012).

We have considered Sealey's arguments and conclude that they are without merit. The judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

3